IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC : CIVIL ACTION
 :
        v. :
 :
JOHN DOE :
SUBSCRIBER ASSIGNED IP ADDRESS :
69.249.252.44 : NO. 13-2864

MEMORANDUM

Bartle, J.                                                                      May 31, 2013

        Plaintiff Malibu Media, LLC has sued John Doe Subscriber Assigned IP Address 69.249.252.44 for copyright infringement. As is apparent from the description of defendant in the caption and in the body of the complaint, plaintiff does not know defendant's name or mail address.

        Plaintiff has now filed "a motion for leave to serve a third party subpoena prior to the Rule 26(f) conference." Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by stipulation, or by court order." Rule 26(b) further provides that "[f]or good cause, the court may order discover of any matter relevant to the subject matter involved in the action." Since plaintiff does not know the identity of the alleged infringer defendant, it seeks to subpoena Comcast Cable, the latter's Internet Service Provider, to obtain the information necessary to make service of process.

        Good cause exists to allow the issuance of a subpoena at this early stage where: (1) plaintiff makes a prima facie

showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) the defendant has a minimal expectation of privacy.  See <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119 (2d Cir. 2010); see also <u>Davis v. Kelly</u>, 160 F.3d 917, 921 (2d Cir. 2010).

Plaintiff has pleaded a prima facie case of infringement.  It alleges it is the registered owner of the copyright of certain movies listed in Exhibit B of the complaint and that defendant has distributed, reproduced, performed, and displayed them without plaintiff's consent.  The pending motion is supported by the Declaration of a former investigator concerning the alleged infringement by the defendant.  Plaintiff has also submitted a specific discovery request, that is, for the name, mailing address, telephone number, and e-mail address of the defendant.  There is no practical way for plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider.  Without knowing defendant's identity, plaintiff cannot make service and the lawsuit cannot proceed.  Under the circumstances, defendant's expectation of privacy is minimal.

In sum, plaintiff has clearly met all the requirements set forth in <u>Arista Records</u> for the court to authorize the issuance of a subpoena to obtain limited discovery before the parties confer as provided in Rule 26(f) of the Federal Rules of

Civil Procedure.  We note that any subpoena on Comcast Cable will comply with the geographic limitations imposed by Rule 45(b)(2) of the Federal Rules of Civil Procedure.[1]

        Accordingly, the motion of plaintiff for leave to serve a third party subpoena will be granted.

---

[1] Plaintiff has advised the court that the address of Comcast Cable is 650 Centertown Road, Moorestown, NJ, while its registered agent in Pennsylvania is located at 116 Pine Street, Suite 320, Harrisburg, PA.